# Ladd *v*. Lookout Mountain Distilling Co.

*Bill to Enjoin Foreclosure; and Cross Bill to Foreclose Mortgage.*

(Decided    April    10, 1906.    40 So. Rep. 610.)

1. *Evidence; Parol Evidence; Varying Terms of Mortgage; Admissibility.*—Parol evidence is admissible to show the consideration and the real nature of the transaction, although the mortgage recites a certain consideration different somewhat from that shown by the parol evidence.

2. *Mortgages; Foreclosure; Evidence; Sufficiency.*—The evidence in this case stated and examined, and held sufficient to support a finding that the mortgage had not been fully paid, authorizing foreclosure.

3. *Evidence; Verbal Admissions; Weight.*—The rule that evidence of verbal admissions is to be received with caution is emphasized when the witnesses disagree as to the admission among themselves, in their testimony on direct and cross, and after the lapse of some two years.

APPEAL from Jackson Chancery Court.

Heard before HON. W. H. SIMPSON.

The bill was filed by V. D. Ladd to enjoin the foreclosure of a mortgage executed to one Shamotulski, and by him transferred to the Lookout Mountain Distilling Company. The allegations are that the mortgage is ful-

ly paid; and if not paid, a reference is asked to ascertain the amount due. The respondents filed a cross bill denying payment and asking that the mortgage be foreclosed by a decree and order of the chancery court. The facts are sufficiently stated in the opinion of the court. From a decree dismissing the original bill and a decree and order foreclosing under the cross bill this appeal is prosecuted.

J. E. Brown, for appellant.—Counsel discussed the assignments of error but cite no authority.

Virgil Bouldin, for appellee.—Counsel discussed the assignments of error but·cite no authority.

WEAKLEY, C. J.—The bill was filed by V. D. Ladd to enjoin the foreclosure of a mortgage executed by him to John Shamotulski, and to have that instrument canceled, upon the allegation that it had been fully paid. The chancellor, finding upon the facts that there was a balance due upon the mortgage, dismissed the original bill, and decreed a foreclosure under the cross-bill, and ordered a reference to the register to ascertain the amount of the indebtedness for which he held the mortgage to be security. Although the mortgage, dated· March 15, 1900, recites that it was given in consideration of the mortgagor's indebtedness to the ·mortgagee for $1,000, evidenced by a promissory note of even date with the instrument, due on the 25th day of June, 1900, with provision that if payment of the note be made on or before the 25th day of December, 1900, the mortgage was to be void, yet the cross-bill sets up, and the chancellor found, that in truth the mortgage was intended and was accepted to indemnify Shamotulski to the amount of $1,000 against loss by reason of his indorsing the notes of Ladd theretofore executed and thereafter to be executed from time to time to the Lookout Distilling Company for goods purchasd under a line of credit allowed · the mortgagor with said distilling company, and to secure the mortgagee against loss by reason of his having

become responsible for all purchases made and to be made by Ladd from said company.

Mortgages are often taken as security for present and future advances, not accurately expressing the real consideration, but expressing, as in the present case, a note or other evidence of a present indebtedness. The validity of such mortgages is well established by our decisions, and it is firmly settled that parol evidence is relevant to show the real nature of the transaction.—*Hendon v. Morris,* 110 Ala. 106, 114, 20 South. 27, and authorities cited. Where it is sought to bring a case within the foregoing rule, undoubtedly it should be carefully and rigorously examined; "but if, upon such investigation, the real transaction shall appear to be fair, though somewhat variant from that which is described, it would seem unjust and unprecedented to deprive the person claiming under the deed of his real equitable rights, unless it be in favor of a person who has been in fact injured and deceived by the misrepresentation."—*Shirras v. Craig,* 7 Cranch (U. S.) 34, 3 L. Ed. 260; *Hendon v. Morris,* 110 Ala. 106, 114, 20 South. 27. We have given the pleadings and the testimony that rigorous examination which the case requires, and are thereby brought to the same conclusion which the learned chancellor reached. Without going too much into detail, we will state some of the considerations upon which our opinion rests:

It is admitted on both sides that the execution of the mortgage was the result of the application by Ladd to the distilling company for a sale to him on credit of a supply of liquors with which he desired to embark in the retail business. He offered to execute a mortgage on his real and personal property direct to that company, and upon the theory that the mortgage was simply to secure it for the goods first purchased, with no participation by Shamotulski personally in the transaction, such mortgage to the company would have been the natural and usual method of accomplishing the purpose of the parties. But the first purchase was of goods amounting to $882.50; made on February 16, 1900, on which day Ladd executed to the distilling company four notes of

$215 each, payable at 30, 60, 90, and 120 days, and, if the purpose had been merely to secure these notes, why did the mortgagor, when preparing the mortgage himself, a month later, execute it to Shamotulski for $1,000, fixing the law day on December 25, 1900? In view of the fact, the statement of Ladd that he never had any business transactions with the mortgagee on his own account is not satisfactory. The testimony of the mortgagee and of Cannon fully sustains the allegations of the cross-bill and the decree of the chancellor, and they find further support in the fact that, prior to the beginning of foreclosure proceedings under the power of sale, Ladd had not demanded either possession of the moregage, or its satisfaction of record, or delivery of his note or notes. Moreover, when, in July, 1902, the attorney of the mortgagee requested a renewal or payment of the indebtedness under threat of foreclosure if his demand were not complied with, the mortgagor, Ladd, replied by letter, asking further indulgence, promising early payment, and making no claim that the mortgage had been fully paid.

We have not overlooked the testimony of two witnesses for the original complainant who speak of a statement or admission upon the occasion by the mortgagee as to the payment of all the mortgagor owed up to that time, and as to his satisfying the mortgage. The witnesses do not agree as to the merits of the admission, and the answer of one of them in chief does not correspond in substance with his answer on cross-examination. This evidence does not alter our opinion. It but serves to furnish striking proof of the accuracy of Mr. Greenleaf's observation that evidence of verbal admissions is to be received with great caution.—1 Greenleaf on Ev. § 200. This is especially true when the witnesses had no occasion to treasure up the words employed, and they testify long after the event.

No other argument is urged in support of the appeal beyond the one already disposed of, and, in consequence, the decree of the chancery court must be affirmed.

Affirmed.

TYSON, SAMPSON, and ANDERSON, JJ., concur.